IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01724-ZLW

DONNA SNELLER,

    Plaintiff,

v.

BRUCE GRAHAM,
WAYNE JEFFERY KNIGHT,
LUKE BODDY,
MITCH PERREYNI,
STEVEN PAIGE,
DIANA TAPIA,
MEGAN NYLANDER, and
DEFENDANTS 1-25 TO BE NAMED AS DISCOVERED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Donna Sneller, has filed *pro se* on September 10, 2010, a letter to the Court in which she asks the Court to reopen this action. The Court must construe the letter liberally because Ms. Sneller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider and vacate the Court's Order of Dismissal and the Judgment entered in this action on August 27, 2010. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. Sneller's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on August 27, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Ms. Sneller failed to comply with an order directing her to cure certain deficiencies. In an order filed on July 21, 2010, Ms. Sneller was ordered either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and to file an amended pleading using the court-approved complaint form as required by the Court's local rules. On August 9, 2010, Ms. Sneller responded to the order to cure deficiencies by filing an amended pleading on the proper form. However, the Court dismissed the action without prejudice for failure to cure all of the deficiencies because she failed either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis*.

Ms. Sneller alleges in the liberally construed motion to reconsider that she submitted a check for payment of the entire filing fee to the Court with a copy of her amended pleading. The Court has no record of receiving a check from Ms. Sneller with the amended pleading or at any time prior to the dismissal of this action.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Ms. Sneller fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. Sneller fails to demonstrate the existence of an intervening change in controlling law or new evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the liberally construed motion to reconsider will be denied. However, Ms. Sneller is reminded that the Court dismissed this action without prejudice. Therefore, if she wishes to pursue her claims, she may do so by commencing a new action. Accordingly, it is

ORDERED that the letter to the Court filed on September 10, 2010, is construed as a motion to reconsider and is denied.

DATED at Denver, Colorado, this __14th__ day of __September__, 2010.

BY THE COURT:

Christine M Arguello

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01724-ZLW

Donna Sneller
P.O. Box 454
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/14/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk